```
                IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF OREGON

                          PORTLAND DIVISION


MICHELLE JANSEN,                              05-CV-385-BR

              Plaintiff,                      OPINION AND ORDER

v.

EQUIFAX INFORMATION SERVICES, LLC,
a foreign corporation,

              Defendant.


JUSTIN M. BAXTER
MICHAEL C. BAXTER
ROBERT S. SOLA
Baxter & Baxter, LLP
8835 S.W. Canyon Lane, Suite 130
Portland, OR 97225-3429
(503)297-9031

        Attorneys for Plaintiff


1 - OPINION AND ORDER
```

**J. ANTHONY LOVE**
**KEASHA ANN BROUSSARD**
**PHYLLIS B. SUMNER**
King & Spalding, LLP
1180 Peachtree Street NE
Atlanta, GA 30309
(404) 215-5913

**JEFFREY M. EDELSON**
Markowitz Herbold Glade & Mehlhaf, PC
1211 S.W. Fifth Avenue, Suite 3000
Portland, OR 97204
(503) 295-3085

**BROWN, Judge.**

This matter came before the Court for oral argument on August 4, 2010, on the Motion (#167) of Defendant Equifax Information Services, LLC, to Compel Production of Settlement and Attorney's Fee Information to Prevent Double Recovery. For the reasons stated on the record and summarized below, the Court **GRANTS in part** Defendant's Motion as specified herein.

## BACKGROUND

This case has been pending for more than five years and has involved Plaintiff Michelle Jansen's efforts to establish that Defendant Equifax and three co-defendants (Experian Information Solutions, Inc.; Trans Union, LLC; and NCO Financial Systems, Inc.) each separately violated her rights under the Fair Credit Reporting Act (FCRA), 18 U.S.C. §§ 1681, *et seq.* Plaintiff reached separate confidential settlement agreements with

2 - OPINION AND ORDER

Defendant NCO in 2007, Defendant Trans Union in 2008, and Defendant Experian in 2009. According to Plaintiff's counsel, each settlement involved payment of an undisclosed lump sum to Plaintiff and her attorneys. Pursuant to a contingent attorney-fee agreement between Plaintiff and her counsel, counsel received an undisclosed portion of each such payment as compensation for attorneys' fees and costs incurred in prosecuting each settling co-defendant.

Although Plaintiff and Equifax continued to prepare for a March 8, 2010, jury trial, they too reached a settlement that led to the entry of a Stipulated Judgment (#152) against Equifax in the amount of $275,000 "plus reasonable attorney's fees to be decided by the Court." The Judgment also sets a $325,000 ceiling on the amount of fees and costs that Plaintiff may seek or that the Court may award.

After Plaintiff's counsel filed his Motion (#159) for Award of Attorney Fees, Equifax filed its Motion to Compel in which it argues Plaintiff

> should be required to disclose (1) the amounts of her settlements with each co-defendant; (2) the amounts that her counsel took from each settlement for attorney's fees and costs; (3) billing records attributable to the other defendants; and (4) the total amount of attorney's fees and costs incurred in this case against all defendants.

Similarly, in its Memorandum opposing Plaintiff's requests for attorneys' fees and costs, Equifax argues Plaintiff's requested

3 - OPINION AND ORDER

fees should be offset or otherwise reduced in light of the attorneys' fees and costs recovered in the settlements with the co-defendants.

## DISCUSSION

As noted in the title of its Motion to Compel, Equifax contends the requested discovery is necessary "to prevent double recovery." Specifically, Equifax contends the Court should take the other settlements into account and apply the following methodology to determine the amount of attorneys' fees and costs to award to Plaintiff pursuant to the Stipulated Judgment:

> (1) identify the total amount of attorney's fees and costs incurred by Plaintiff against all defendants (a figure to be provided by Plaintiff); (2) subtract the amount that Plaintiff's counsel obtained from each of the prior settlements for attorney's fees and costs (a figure to be provided by Plaintiff); and (3) apply an offset to the fees and costs that Plaintiff seeks from Equifax to prevent a double recovery on his present motion for attorney's fees.

In support of its position, Equifax relies on *Corder v. Brown*, 25 F.3d 833 (9th Cir. 1994), an action brought under a 42 U.S.C. § 1983 against multiple defendants found liable for violating the Fourth Amendment rights of two elderly plaintiffs during the improper entry, search, and seizure of the plaintiffs' residence. In a case of first impression in the Ninth Circuit, the court reversed the district court's decision not to offset

4 - OPINION AND ORDER

the plaintiff's attorneys' fee recovery from a non-settling defendant by amounts previously recovered from settling co-defendants. *Id*. at 840-41. The court held:

> We hold here that a non-settling defendant is entitled to offset attorney's fees owed by the amount already paid by settling defendants. Defendant-appellant has presented a persuasive argument, highlighting the unfairness and unreasonableness of denying an offset. We make this holding simply as a matter of statutory construction. As discussed above, a plaintiff's attorney is entitled only to a "reasonable" fee under 42 U.S.C. § 1988. If an offset is denied, the plaintiff's attorney may receive a windfall. A windfall would be manifestly unreasonable.

*Id*. at 840.

Plaintiff distinguishes *Corder* on the ground that it involved the joint actions of multiple defendants in the same occurrence that violated the Fourth Amendment rights of the plaintiffs. Plaintiff emphasizes, and this Court agrees, that her claims against the four co-defendants in this case arise from their individual and separate actions that caused discrete and serial alleged violations of Plaintiff's FCRA rights. Plaintiff also points to decisions by other judges in this District to the effect that there is no express or implied right to contribution or indemnification under FCRA, and, therefore, Plaintiff's settlement agreements with co-defendants are not relevant. *See Thomas v. Trans Union*, LLC, No. 00-CV-1150-JE, 18-19 (D. Or. Jan. 29, 2003)(Jelderks, J.), and *Anderson v. Equifax Information*

5 - OPINION AND ORDER

Case 3:05-cv-00385-BR   Document 202    Filed 08/06/10    Page 6 of 10

*Serv., LLC,* No. 05-CV-1741-ST (D. Or. Aug. 2, 2007)(Stewart, J.).

The Court notes Equifax has not offered any authority to the contrary or provided any basis to conclude that Congress intended a FCRA defendant to enjoy such rights of contribution or indemnity.  *See Irwin v. Mascott*, 94 F. Supp. 2d 1052, 1059 (N.D. Cal. 2000)(citing *Kim v. Fujikawa,* 871 F.2d 1427, 1433 (9th Cir. 1989)(concludes contribution is not available under ERISA and articulates Ninth Circuit view that where a statute provides a "comprehensive and reticulated" remedial scheme but does not provide for contribution as a remedy, a court should assume Congress omitted it intentionally and did not create an unintended remedy, particularly one in favor of the group the statute is designed to regulate rather than protect).

This Court agrees with Plaintiff's analysis and the reasoning of these other cases and concludes *Corder* does not control the discovery issue in this matter because this case does not involve joint conduct by co-defendants causing indivisible harm or harm for which co-defendants would have rights of indemnity or contribution.

Nonetheless, the question remains whether the discovery that Equifax seeks is necessary to the proper resolution of Plaintiff's Motion for Attorney's Fees and Equifax's opposition

6 - OPINION AND ORDER

thereto on any basis other than Equifax's unsupported offset theory.  The standards the Court must apply to resolve the merits of the attorneys' fee dispute are well-settled and require an accurate calculation of the so-called "lodestar" variables as well as the "*Kerr*" factors.  *See Cairns v. Franklin Mint Co.,* 292 F.3d 1139, 1157-58 (9th Cir. 2002).

Thus, the Court is required to determine the amount of attorney time Plaintiff's counsel reasonably and necessarily expended in the prosecution of Plaintiff's claim against Equifax and, in so doing, to exclude from that time any work expended in the prosecution of the co-defendants that would not otherwise have been required to prosecute the claims against Equifax.  In this adversary context, therefore, it is appropriate for Equifax to have discovery access to the records of Plaintiff's counsel from which counsel developed the statement of "net" hours for which he contends he should be compensated for the prosecution of the claim against Equifax.  It is also appropriate for Equifax to have an opportunity to make a record based on the discovery that shows any potential for what Equifax calls "double recovery" of attorneys' fees, which the Court believes is more precisely a question of determining those hours of counsel's time that should be used in the lodestar calculation to determine a reasonable award of attorneys' fees and costs against Equifax.

**CONCLUSION**

For these reasons and as further explained during oral argument, the Court **GRANTS in part** the Motion (#167) of Defendant Equifax Information Services, LLC, to Compel Production of Settlement and Attorney's Fee Information to Prevent Double Recovery as follows:

1.  **No later than September 17, 2010**, Plaintiff's counsel shall produce to counsel for Defendant Equifax a complete copy of the source records from which Plaintiff's counsel developed the "net" statement of hours necessarily expended and costs necessarily incurred in the prosecution of Plaintiff's action against Defendant Equifax.  If Plaintiff's counsel believes some or all of the produced records should be subject to a protective order, Plaintiff's counsel should confer with Equifax's counsel in an attempt to reach an agreement about such an order.  In the event Defendant is not able to find support in the produced source records for a particular time or cost entry for which Plaintiff seeks compensation, Equifax's counsel is required to confer meaningfully with Plaintiff's counsel before any such perceived lack of support in the record is raised with the Court.

2.  To the extent Equifax identifies authority for the proposition that the Court should take into account the amount of attorneys' fees and costs that Plaintiff's counsel has received as a consequence of the settlements with any co-defendant,

Equifax has leave to file **no later than September 17, 2010,** a new motion to compel discovery of information related to the amounts of the settlements and the amounts allocated to attorneys' fees and costs pursuant to the contingent attorney-fee agreement between Plaintiff and her counsel.  Plaintiff may file an opposition to any such new motion to compel **no later than October 1, 2010,** when the Court will take the new motion to compel under advisement anticipating a ruling within seven (7) calendar days.

    3.    **No later than October 22, 2010**, Equifax may file a supplemental opposition to Plaintiff's Motion (#159) for Award of Attorney's Fees, or, alternatively, Equifax must file a notice indicating that it does not intend to supplement the record in opposition to Plaintiff's Motion.  If Equifax files a supplemental opposition, Plaintiff may file a reply addressing new matters only **no later than November 5, 2010,** when the Court will take Plaintiff's Motion (#159) under advisement.  If Equifax does not supplement the record, the Court will take Plaintiff's Motion under advisement as of November 5, 2010, or when Defendant gives such notice to the Court, whichever is earlier.

    4.    In all other respects, the Court **DENIES** Defendant Equifax's Motion (#167) to Compel.

    5.    The Court directs the parties not to file any additional contested motions without first obtaining leave of Court to do so.  If a party believes Court assistance is needed

on any matter not resolved in this Order, counsel shall confer meaningfully about the merits of such issue and send a joint email to Courtroom Deputy Bonnie Boyer concisely explaining the issue and summarizing the parties' positions.  The Court will advise the parties thereafter as to how to proceed.

    6.   Finally, the Court is mindful this attorney fee litigation is expensive and time-consuming in a matter the parties have already resolved on the merits.  The Court encourages the parties to consider attempting to resolve the remaining issue of fees and costs without further litigation.  If the parties mutually wish the assistance of a settlement judge to explore such resolution, the Court will be happy to oblige such a request and will facilitate in identifying a judge for this purpose.

    IT IS SO ORDERED.

    DATED this 5th day of August, 2010.

    /s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

10- OPINION AND ORDER